## THE MATILDE PEIRCE.

## AMERICAN TRADING CO. v. PEIRCE BROS.

District Court, E. D. New York. June 27, 1928. No. 4836.

Bigham, Englar & Jones (by Henry N. Longley), of New York City, for libelant.

Loomis & Ruebush (by Glenn W. Ruebush), of New York City, for claimants.

CAMPBELL, District Judge. This is a cargo damage case, and the cargo in question, cherries in brine in barrels, was shipped in holds 2, 3, and 4 of the steamship Matilde Peirce, from two ports in Italy not far from each other.

The damage for which recovery is sought in this suit is not the damage to the barrels, but for damages to the cherries only.

The bills of lading in this suit do not even admit that the goods were in apparent good order and condition when shipped, and therefore the "good order" bill of lading cases have no bearing on the case at bar. Isla De Panay, The, 267 U. S 260, 45 S. Ct. 269, 69 L. Ed. 603.

The bill of lading contains this most favorable provision for the carrier: "The statements contained in the present B/L as to weight, measurement, contents and value of packages do not constitute any admission whatever on the part of the Master."

There is no testimony whatever, from any person who knew the contents of the barrels before or at the time of shipment, as to their condition or what precautions were taken to prevent deterioration during carriage.

Cherries are a perishable cargo, and the sole loss complained of is "shrinkage and deterioration of the fruit."

If the cherries were not sound when packed, they would not be sound on arrival at the port.

If the cherries were sound when delivered to the ocean carrier, but had no brine on them, they would deteriorate and decay during the voyage.

There is always some leakage in barrels containing cherries in brine.

If the cherries had insufficient brine on them, it might leak off to such an extent as to allow the cherries to decay during transportation.

The shipper was the agent of the libelant, but still no witnesses were called to show the condition of the cherries when shipped, although the witnesses to prove the facts must have been under the control of the libelant.

It is true that the witnesses who testified in behalf of the claimants before the Commissioner, in Italy, stated that the barrels were in good condition, but they could not testify as to their contents, except that one barrel was leaking, and this falls far short of the proof required.

The libelant does not, in the face of its failure to call such witnesses, make out a case, by the testimony of the witness Rodman alone, that had the brine been insufficient in strength, or had it leaked out of the barrels before shipment, the cherries would have been badly decayed and beyond any salvage, while their actual condition permitted very considerable salvage.

In Gulden v. Hijos de Jose Taya S en C (C. C. A.) 252 F. 577, cited by libelant, the bill of lading did not contain the stipulation "contents unknown," and the contents were not in dispute, but the damage was due apparently solely to the breaking of the containers, and that case is distinguishable from the case at bar.

In Ansaldo San Giorgio I, 1928 A. M. C. 109, there was no dispute as to the contents nor their condition at the time of shipment, and it does not seem to me to be in point.

■ The bill of lading exempts the carrier from liability due to breakage and leakage, therefore the libelant has the burden of showing affirmatively that the damage was due to the carrier's negligence.

■ This the libelant has failed to do, because it did not sustain the burden by calling two surveyors who saw the stowage, or part of it, at the port of delivery, and do not even agree upon the manner in which it was stowed, in the face of the evidence of those who were present in Italy when or shortly after the cargo was stowed, and who agree not only that it was well stowed but that it was stowed according to the custom and usage of the port.

of shipment. The Titania (D. C.) 19 F. 101; St. Johns N. F. Shipping Corp. v. Companhia Geral, etc., 263 U. S. 119, 123, 124, 44 S. Ct. 30, 68 L. Ed. 201; Hostetter v. Park, 137 U. S. 30, 11 S. Ct. 1, 34 L. Ed. 568.

In addition to which, the libelant's witness Richter testified that the shipper was the agent of the libelant, and the claimants, by their witnesses, whose testimony was taken in Italy, showed that the shipper approved the stowage, in fact superintended it, and this is strong corroboration of the claimants' contention that it was stowed according to the custom and usage of the port of shipment.

A decree may be entered in favor of the claimants against the libelant, dismissing the libel with costs.